People v Laws (2019 NY Slip Op 08332)





People v Laws


2019 NY Slip Op 08332


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1123 KA 17-01409

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN LAWS, DEFENDANT-APPELLANT. 






RYAN LAWS, DEFENDANT-APPELLANT PRO SE. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered September 22, 2016. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree and criminal possession of a forged instrument in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea and waiver of indictment are vacated, the superior court information is dismissed and the matter is remitted to Wayne County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him of robbery in the third degree (Penal Law § 160.05) and criminal possession of a forged instrument in the second degree (§ 170.25) upon his plea of guilty to a superior court information (SCI). On appeal, defendant contends that the written waiver of indictment failed to comply with CPL 195.20 inasmuch as it did not state the approximate time that he committed each offense. We agree, and we therefore reverse the judgment, vacate the plea and waiver of indictment, dismiss the SCI, and remit the matter to County Court for proceedings pursuant to CPL 470.45 (see generally People v Walker, 148 AD3d 1570, 1570 [4th Dept 2017]).
A written waiver of indictment must be executed in strict compliance with the requirements of CPL 195.20 (see People v Vaughn, 173 AD3d 1260, 1261 [3d Dept 2019]; People v Edwards, 171 AD3d 1402, 1403 [3d Dept 2019]), which in relevant part provides that such a waiver shall contain the "approximate time . . . of each offense to be charged in the [SCI]" (CPL 195.20). The People correctly concede that the written waiver of indictment failed to contain the approximate time of each offense and, because strict compliance with CPL 195.20 is required, we agree with defendant that the waiver was defective (see People v Colon-Colon, 169 AD3d 187, 193 [4th Dept 2019], lv denied 33 NY3d 975 [2019]). Contrary to the People's contention, even if we assume, arguendo, that we are able to read an SCI in conjunction with a written waiver of indictment in order to cure a defect therein, that would not cure the defect in the written waiver in this case because the SCI does not state the approximate time of each offense (see generally Vaughn, 173 AD3d at 1261).
Based on our determination, we do not address defendant's remaining contentions.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court